**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHOENIX LIGHT SF LIMITED, BLUE HERON FUNDING V LTD., BLUE HERON FUNDING VI LTD., BLUE HERON FUNDING VII LTD., BLUE HERON FUNDING IX LTD., C-BASS CBO XIV LTD., C-BASS CBO XVII LTD., KLEROS PREFERRED FUNDING V PLC, SILVER ELMS CDO PLC and SILVER ELMS CDO II LIMITED, | Case No. 14-cv-10103-JGK  Hon. John G. Koeltl |
| Plaintiffs, | |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | |
| Defendant. | |

### ANSWER AND DEFENSES OF DEFENDANT
### DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE

Defendant Deutsche Bank National Trust Company ("DBNTC"), solely in its capacity as trustee for the trusts at issue in the above-captioned action (the "Trustee"), by and through its attorneys, Morgan, Lewis & Bockius LLP, as and for its answer and defenses (the "Answer") to the allegations in Plaintiffs' Second Amended Complaint, dated July 15, 2015, Docket Entry No. ("Dkt.#") 33 (the "Complaint"), hereby alleges as follows:

Each Paragraph of this Answer responds to the same numbered paragraph of Plaintiffs' Complaint. The Trustee denies all allegations of Plaintiffs' Complaint, except those specifically admitted in this Answer.[1]

---

[1] Unless otherwise stated, to the extent that a paragraph of the Complaint contains one or more footnotes, or a reference to an appendix or exhibit to the Complaint, a denial of the allegations contained in the paragraph, or a denial of knowledge or information sufficient to form

(Continued note)

## NATURE OF ACTION[2]

1.      Denies the allegations contained in paragraph 1 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except admits that DBNTC serves as trustee for the Covered Trusts; and by way of further response, notes that (i) on February 1, 2016, Plaintiffs withdrew their claims for breach of the Trust Indenture Act of 1939 (the "TIA") as to the Covered Trusts structured using PSAs (*see* Dkt.# 60), which were not actionable in light of the decision in *Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chicago v. Bank of N.Y. Mellon*, 775 F.3d 154 (2d Cir. 2014); (ii) on February 2, 2016, the Court entered a stipulation and order dismissing all Plaintiffs' claims as to four trusts sponsored by Goldman Sachs Mortgage Company, with prejudice (*see* Dkt.# 61); and (iii) on March 29, 2016, the Court entered an order dismissing (a) Plaintiffs' claims as to the five trusts sponsored by IndyMac Bank, F.S.B., (b) Plaintiffs' claims under the Streit Act, (c) Plaintiffs' claims for breach of contract as to the trusts where they

---

a belief as to the truth of the allegations contained in the paragraph, is also a corresponding denial with respect to any allegations in any footnote of such paragraph, or in any appendix or exhibit referenced in such paragraph.

[2]      Unless indicated otherwise, the capitalized terms used in this Answer are taken verbatim from the Complaint, and are used only for ease of reference, and the Trustee does not admit, but rather specifically denies, any factual or legal allegations contained in the definitions of those capitalized terms in the Complaint.  In addition, the section headings used in this Answer, which are also taken verbatim from the Complaint, are used only for the purposes of organization and ease of reference, and the Trustee does not admit, but rather specifically denies, any factual or legal allegations contained in the section headings used in the Complaint.

have not received authorization to file suit (*e.g.*, INABS 2006-H1), (d) Plaintiffs' breach of contract, breach of covenant of good faith and fair dealing, TIA and Streit Act claims arising from allegations that the Trustee failed to take action with respect to document delivery failures identified in the final exception reports for the Covered Trusts, (e) Plaintiffs' claims for negligence and gross negligence to the extent such claims were duplicative of the breach of contract claims, (f) Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing, and (g) Plaintiffs' claims for violation of Section 316(b) of the TIA (*see* Dkt.# 70).

2.      Denies the allegations contained in paragraph 2 of the Complaint, except admits that certain of the entities identified in paragraph 2 were sponsors of RMBS transactions to which the Covered Trusts relate.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.      Denies the allegations contained in paragraph 4 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

5.      Denies the allegations contained in paragraph 5 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 5 of the Complaint, and except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

6.      Denies the allegations contained in paragraph 6 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and

respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

7.     Denies the allegations contained in paragraph 7 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

8.     Denies the allegations contained in paragraph 8 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

9.     Denies the allegations contained in paragraph 9 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except admits that the Trustee's obligations and duties are expressly set forth in the governing agreements for the Covered Trusts, and respectfully refers the Court to the document(s) referenced in paragraph 9 for a complete and accurate statement of its/their contents.

10.     Denies the allegations contained in paragraph 10 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

11.     Denies the allegations contained in paragraph 11 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

12.     Denies the allegations contained in paragraph 12 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

13.     Denies the allegations contained in paragraph 13 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

14.     Denies the allegations contained in paragraph 14 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

15.     Denies the allegations contained in paragraph 15 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

## PARTIES

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

27.     Denies the allegations contained in paragraph 27 of the Complaint, except admits that DBNTC is a national banking association organized and existing under the laws of the United States with its principal place of business in California, and that DBNTC serves as trustee for the Covered Trusts.

## PLAINTIFFS' ACQUISITION OF CERTIFICATES AND STANDING TO SUE

28.     Denies the allegations contained in paragraph 28 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiffs held the Certificates identified in Exhibit B" to the Complaint, and except to the extent that they purport to state a legal conclusion, as to which no response is required.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33.     Denies the allegations contained in paragraph 33 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

34.     Denies the allegations contained in paragraph 34 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

38.     Denies the allegations contained in paragraph 38 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

39.     Denies the allegations contained in paragraph 39 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 39 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

## JURISDICTION AND VENUE

47.     Denies the allegations contained in paragraph 47 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

48.     Denies the allegations contained in paragraph 48 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except admits that DBNTC has transacted business in the Southern District of New York.

49.     Denies the allegations contained in paragraph 49 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

## FACTUAL ALLEGATIONS

## I.      THE SECURITIZATION PROCESS

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, except admits the allegations contained in the first sentence of paragraph 50 of the Complaint, and admits that, in broad terms, mortgage loan securitization generally involves mortgage loans acquired from mortgage originators and pooled together in a trust, and generally involves securities entitling holders thereof to receive certain cash flows generated from the pool of loans, and respectfully refers the Court to the governing agreements for the Covered Trusts for a complete and accurate statement of their contents.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, except admits that certain securitizations generally involve the acquisition of mortgage loans by a sponsor (or "seller") and the sale of a large pool of loans by the sponsor to a depositor, and respectfully refers the Court to the governing agreements for the Covered Trusts for a complete and accurate statement of their contents.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, except admits that DBNTC serves as trustee for the Covered Trusts, and respectfully refers the Court to the governing agreements for the Covered Trusts for a complete and accurate statement of their contents.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except admits that in certain RMBS transactions, a "servicer" is appointed pursuant to a PSA, and respectfully refers the

Court to the governing agreements for the Covered Trusts for a complete and accurate statement of their contents.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except admits that, in certain RMBS transactions, monthly remittance reports are delivered to holders of certificates, which include data provided by a servicer, and respectfully refers the Court to the governing agreements for the Covered Trusts for a complete and accurate statement of their contents.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint, and respectfully refers the Court to the governing agreements for the Covered Trusts for a complete and accurate statement of their contents.

56.     Denies the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint, except admits that the Trustee received a fee under the terms of the governing agreements for the Covered Trusts, and respectfully refers the Court to the governing agreements for the Covered Trusts for a complete and accurate statement of their contents.

## II.    <u>DEUTSCHE BANK'S DUTIES AND OBLIGATIONS</u>

58.     Denies the allegations contained in paragraph 58 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

### A.      Deutsche Bank's Duty Pertaining To The Delivery Of Mortgage Files

59.      Denies the allegations contained in paragraph 59 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

60.      Denies the allegations contained in paragraph 60 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

61.      Denies the allegations contained in paragraph 61 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

62.      Denies the allegations contained in paragraph 62 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

63.      Denies the allegations contained in paragraph 63 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

64.      Denies the allegations contained in paragraph 64 of the Complaint, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

65.      Denies the allegations contained in paragraph 65 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and

respectly refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

66.     Denies the allegations contained in paragraph 66 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**B.      Deutsche Bank Had A Duty To Provide Notice Of Defaults
<u>And Enforce Repurchase Obligations Triggered By Such Notice</u>**

67.     Denies the allegations contained in paragraph 67 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

68.     Denies the allegations contained in paragraph 68 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

69.     Denies the allegations contained in paragraph 69 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

70.     Denies the allegations contained in paragraph 70 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

71.     Denies the allegations contained in paragraph 71 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

72.     Denies the allegations contained in paragraph 72 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

73.     Denies the allegations contained in paragraph 73 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

**C.      Deutsche Bank's Duty To Act Prudently To Enforce Repurchase Obligations**

74.     Denies the allegations contained in paragraph 74 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

75.     Denies the allegations contained in paragraph 75 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

76.     Denies the allegations contained in paragraph 76 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

77.     Denies the allegations contained in paragraph 77 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

78.     Denies the allegations contained in paragraph 78 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

79.     Denies the allegations contained in paragraph 79 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

**D.    Deutsche Bank Had A Duty To Address The Master
Servicers' And Servicers Failure To Meet Prudent Servicing Standards**

80.    Denies the allegations contained in paragraph 80 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

81.    Denies the allegations contained in paragraph 81 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

82.    Denies the allegations contained in paragraph 82 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

83.    Denies the allegations contained in paragraph 83 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

84.    Denies the allegations contained in paragraph 84 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

85.    Denies the allegations contained in paragraph 85 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and

respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

86.     Denies the allegations contained in paragraph 86 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

87.     Denies the allegations contained in paragraph 87 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

**E.     Deutsche Bank Is Liable For Negligence In Performing Its Duties**

88.     Denies the allegations contained in paragraph 88 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

89.     Denies the allegations contained in paragraph 89 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

90.     Denies the allegations contained in paragraph 90 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

**III.    DEUTSCHE BANK BREACHED ITS
CONTRACTUAL, FIDUCIARY AND STATUTORY DUTIES**

**A.     Deutsche Bank Was Aware Of But Failed To Provide
Notice Of Defaults Relating To The Sponsors' And
Originators' Pervasive Representation And Warranty Breaches**

91.     Denies the allegations contained in paragraph 91 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 91 of the Complaint.

92.     Denies the allegations contained in paragraph 92 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

93.     Denies the allegations contained in paragraph 93 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

94.     Denies the allegations contained in paragraph 94 of the Complaint.

95.     Denies the allegations contained in paragraph 95 of the Complaint, except admits that DBNTC served as trustee for certain RMBS trusts.

96.     Denies the allegations contained in paragraph 96 of the Complaint, except admits that loan servicers are responsible for handling foreclosure proceedings and taking certain foreclosure-related actions concerning mortgage loans that have been defaulted on by borrowers, and initiate and manage all aspects of foreclosure proceedings, and that loan servicers take certain foreclosure-related actions in the name of the trustee for the relevant RMBS trust.

97.     Denies the allegations contained in paragraph 97 of the Complaint, except admits that loan servicers are responsible for handling foreclosure proceedings and taking certain foreclosure-related actions concerning mortgage loans that have been defaulted on by borrowers, and initiate and manage all aspects of foreclosure proceedings, and that loan servicers take certain foreclosure-related actions in the name of the trustee for the relevant RMBS trust, and respectfully refers the Court to the legal proceedings cited in paragraph 97 of the Complaint, and

the submissions in those proceedings, for a complete and accurate characterization of those proceedings.

98.    Denies the allegations contained in paragraph 98 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 98, and respectfully refers the Court to the document(s) referenced in paragraph 98 for a complete and accurate statement of its/their contents.

99.    Denies the allegations contained in paragraph 99 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

100.    Denies the allegations contained in paragraph 100 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 100, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) and legal proceeding(s) referenced therein for a complete and accurate statement of its/their contents.

101.    Denies the allegations contained in paragraph 101 of the Complaint, except admits that in August 2009, DBNTC, solely in its capacity as RMBS trustee, filed a complaint against the Federal Deposit Insurance Company as receiver for Washington Mutual Bank (Case No. 1:09-cv-01656-RMC, D.D.C. filed Aug. 26, 2009), and in April 2011, the court in that action denied a motion to dismiss by, *inter alia*, JPMorgan Chase Bank, N.A., and respectfully refers

the Court to the legal proceedings cited in paragraph 101 of the Complaint, and the submissions in those proceedings, for a complete and accurate characterization of those proceedings.

102.     Denies the allegations contained in paragraph 102 of the Complaint, except admits that DBNTC, solely in its capacity as RMBS trustee, has commenced legal proceedings against sponsors and originators for RMBS trusts including *Deutsche Bank National Trust Company v. WMC Mortgage, LLC*, No. 12-cv-00933 (D. Conn. June 25, 2013), *Deutsche Bank National Trust Company v. HSBC Bank USA, N.A.*, No. 652001/2013 (N.Y. Sup. Ct. Nov. 12, 2013), *Deutsche Bank National Trust Company v. Barclays Bank PLC*, No. 651789/2013 (N.Y. Sup. Ct. Dec. 11, 2013), *Deutsche Bank National Trust Company v. Equifirst Corporation*, No. 651957/2013 (N.Y. Sup. Ct. Nov. 18, 2013), and *Deutsche Bank National Trust Company v. Morgan Stanley Mortgage Capital Holdings, LLC*, No. 652877/2014 (N.Y. Sup. Ct. Jan. 23, 2015), and respectfully refers the Court to the legal proceedings cited in paragraph 102 of the Complaint, and the submissions in those proceedings, for a complete and accurate characterization of those proceedings.

103.     Denies the allegations contained in paragraph 103 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

104.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint, except admits that, in general terms, monoline insurance is employed as a form of credit enhancement in certain RMBS transactions, and certain RMBS sponsors made representations and warranties concerning underwriting standards in connection with certain RMBS transactions, and respectfully refers the Court to the governing agreements for the Covered Trusts for a complete and accurate statement of their contents.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint, and respectfully refers the Court to the legal proceedings cited in paragraph 106 of the Complaint, and the submissions in those proceedings, for a complete and accurate characterization of those proceedings.

107.    Admits that DBNTC became aware of the legal proceeding styled as *CIFG Assurance N.A., Inc. v. Goldman, Sachs & Co.*, No. 652286/2011 (N.Y. Sup. Ct. filed Aug. 16, 2011).

108.    Denies the allegations contained in paragraph 108 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

109.    Denies the allegations contained in paragraph 109 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second through sixth sentences of paragraph 109 of the Complaint, and except to the extent that they purport to state a legal conclusion, as to which no response is required.

110.    Denies the allegations contained in paragraph 110 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

1.    **The Originators' And Sponsors' Pervasive
Breaches Of Representations And Warranties**

111.    Denies the allegations contained in paragraph 111 of the Complaint, except admits that the governing agreements for the Covered Trusts reference certain representations and warranties about mortgage loans made by parties other than the Trustee.

112.    Denies the allegations contained in paragraph 112 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and

respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

113.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Complaint, and to the extent the chart in Paragraph 113 is an attempt by Plaintiff to create a summary of written documents, respectfully refers the Court to those documents for a complete and accurate statement of their contents.

114.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

115.     Denies the allegations contained in paragraph 115 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, third, and fourth sentences of paragraph 115 of the Complaint, and except to the extent that they purport to state a legal conclusion, as to which no response is required.

116.     Denies the allegations contained in paragraph 116 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

117.     Denies the allegations contained in paragraph 117 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

### B.     Deutsche Bank Failed To Act Prudently To Enforce Repurchase Obligations

118.     Denies the allegations contained in paragraph 118 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

119.     Denies the allegations contained in paragraph 119 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

120.     Denies the allegations contained in paragraph 120 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

### 1.     Events Of Default Under The PSAs Relating To Document Delivery Failures In The Covered Trusts

121.     Denies the allegations contained in paragraph 121 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, except admits that missing documents were identified in certain final exception reports, and respectfully refers the Court to the document(s) referenced in paragraph 121 for a complete and accurate statement of its/their contents.

122.     Denies the allegations contained in paragraph 122 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except admits that final exception reports were delivered pursuant to the governing agreements for Covered Trusts, and respectfully refers the Court to the document(s) referenced in paragraph 122 for a complete and accurate statement of its/their contents.

123.     Denies the allegations contained in paragraph 123 of the Complaint.

124.     Denies the allegations contained in paragraph 124 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit G of the Complaint, except to the extent that the allegations contained in Exhibit G of the Complaint purport to characterize the content of government reports, court reports, press reports, and other publicly available documents, respectfully refers the Court to those documents for a complete and accurate statement of their contents, and denies any characterizations inconsistent therewith, and except to the extent that the allegations contained in Exhibit G of the Complaint purport to state a legal conclusion, as to which no response is required.

22

125.     Denies the allegations contained in paragraph 125 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

126.     Denies the allegations contained in paragraph 126 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

127.     Denies the allegations contained in paragraph 127 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

128.     Denies the allegations contained in paragraph 128 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 128 of the Complaint, and except to the extent that they purport to state a legal conclusion, as to which no response is required.

129.     Denies the allegations contained in paragraph 129 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

130.     Denies the allegations contained in paragraph 130 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

###### 2.   Events Of Default Under The Indentures

131.   Denies the allegations contained in paragraph 131 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except admits that six of the Covered Trusts are governed by indentures, and respectfully refers the Court to the document(s) referenced in paragraph 131 for a complete and accurate statement of its/their contents.

132.   Denies the allegations contained in paragraph 132 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

133.   Denies the allegations contained in paragraph 133 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

134.   Denies the allegations contained in paragraph 134 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

135.   Denies the allegations contained in paragraph 135 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

136.   Denies the allegations contained in paragraph 136 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and

respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

137.   Denies the allegations contained in paragraph 137 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

### 3.   Events Of Default Concerning False Master Servicer And Servicer Certifications

138.   Denies the allegations contained in paragraph 138 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

139.   Denies the allegations contained in paragraph 139 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

140.   Denies the allegations contained in paragraph 140 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 140 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

141.   Denies the allegations contained in paragraph 141 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and

respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

### 4.   Deutsche Bank Received Written Notice Of Representation And Warranty Violations Which Ripened Into Events Of Default

142.   Denies the allegations contained in paragraph 142 of the Complaint, except admits that the Association of Mortgage Investors sent a letter dated July 21, 2011 to multiple entities that were serving as RMBS trustees, and respectfully refers the Court to the document(s) referenced in paragraph 142 for a complete and accurate statement of its/their contents.

143.   Denies the allegations contained in paragraph 143 of the Complaint, except admits that a group of mortgage investors sent a letter dated December 16, 2011 to DBNTC, regarding trusts not at issue in this action, and that in or around January 2014, DBNTC, solely in its capacity as RMBS trustee for trusts not at issue here, entered into a settlement agreement with JPMorgan Chase & Co. on behalf of those trusts, and respectfully refers the Court to the document(s) referenced in paragraph 143 for a complete and accurate statement of its/their contents.

144.   Denies the allegations contained in paragraph 144 of the Complaint, except admits that a group of mortgage investors sent a letter dated January 31, 2012 to DBNTC, solely in its capacity as RMBS trustee, and respectfully refers the Court to the document(s) referenced in paragraph 144 for a complete and accurate statement of its/their contents.

145.   Denies the allegations contained in paragraph 145 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

146.   Denies the allegations contained in paragraph 146 of the Complaint, except admits that DBNTC, in its capacity as trustee for certain RMBS trusts not among the Covered Trusts, commenced lawsuits against certain sponsors and originators, and respectfully refers the

Court to the legal proceedings cited in paragraph 146 of the Complaint, and the submissions in those proceedings, for a complete and accurate characterization of those proceedings.

**C.    Deutsche Bank Failed To Address The Master
Servicers' And Servicers' Looting Of Trust Assets**

147.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

148.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the Complaint, and to the extent the chart in Paragraph 148 is an attempt by Plaintiff to create a summary of written documents, respectfully refers the Court to those documents for a complete and accurate statement of their contents.

149.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

150.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

151.    Denies the allegations contained in paragraph 151 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

152.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) and legal proceeding(s) referenced therein for a complete and accurate statement of its/their contents.

**IV.**    <u>**DEUTSCHE BANK SUFFERED FROM CONFLICTS OF INTEREST**</u>

153.    Denies the allegations contained in paragraph 153 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

154.    Denies the allegations contained in paragraph 154 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

155.    Denies the allegations contained in paragraph 155 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

156.    Denies the allegations contained in paragraph 156 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

157.    Denies the allegations contained in paragraph 157 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the legal proceedings cited in paragraph 157 of the Complaint, and the submissions in those proceedings, for a complete and accurate characterization of those proceedings.

158.    Denies the allegations contained in paragraph 158 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the legal proceedings cited in paragraph 158 of the Complaint,

and the submissions in those proceedings, for a complete and accurate characterization of those proceedings.

159.    Denies the allegations contained in paragraph 159 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

160.    Denies the allegations contained in paragraph 160 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibits F and H of the Complaint, except to the extent that the allegations contained in Exhibits F and H of the Complaint purport to characterize the content of government reports, court reports, press reports, and other publicly available documents, respectfully refers the Court to those documents for a complete and accurate statement of their contents, and denies any characterizations inconsistent therewith, and except to the extent that the allegations contained in Exhibits F and H of the Complaint purport to state a legal conclusion, as to which no response is required.

## V.    DEUTSCHE BANK'S CONDUCT INJURED PLAINTIFFS

161.    Denies the allegations contained in paragraph 161 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

162.    Denies the allegations contained in paragraph 162 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

163.    Denies the allegations contained in paragraph 163 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 163 of the Complaint,

29

except to the extent that they purport to state a legal conclusion, as to which no response is required.

164.    Denies the allegations contained in paragraph 164 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

165.    Denies the allegations contained in paragraph 165 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

166.    Denies the allegations contained in paragraph 166 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Violations of the TIA)**

167.    With respect to the allegations contained in paragraph 167 of the Complaint, repeats, realleges and incorporates herein its response to the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

168.    Denies the allegations contained in paragraph 168 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

169.    Denies the allegations contained in paragraph 169 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

170.    Denies the allegations contained in paragraph 170 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

171.    Denies the allegations contained in paragraph 171 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

172.    Denies the allegations contained in paragraph 172 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

173.     Denies the allegations contained in paragraph 173 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

174.     Denies the allegations contained in paragraph 174 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

175.     Denies the allegations contained in paragraph 175 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

176.     Denies the allegations contained in paragraph 176 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

177.     With respect to the allegations contained in paragraph 177 of the Complaint, repeats, realleges and incorporates herein its response to the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

178.     Denies the allegations contained in paragraph 178 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

179.     Denies the allegations contained in paragraph 179 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, except admits that the Trustee's obligations and duties are expressly set forth in the governing agreements for the Covered Trusts.

180.     Denies the allegations contained in paragraph 180 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

181.     Denies the allegations contained in paragraph 181 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

182.     Denies the allegations contained in paragraph 182 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

183.     Denies the allegations contained in paragraph 183 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

184.     Denies the allegations contained in paragraph 184 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

185.     Denies the allegations contained in paragraph 185 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

186.     Denies the allegations contained in paragraph 186 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

### THIRD CAUSE OF ACTION
**(Breach of Fiduciary Duty)**

187.     With respect to the allegations contained in paragraph 187 of the Complaint, repeats, realleges and incorporates herein its response to the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

188.     Denies the allegations contained in paragraph 188 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

189.     Denies the allegations contained in paragraph 189 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

190.     Denies the allegations contained in paragraph 190 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

**FOURTH CAUSE OF ACTION**
**(Negligence and Gross Negligence)**

191.    With respect to the allegations contained in paragraph 191 of the Complaint, repeats, realleges and incorporates herein its response to the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

192.    Denies the allegations contained in paragraph 192 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

193.    Denies the allegations contained in paragraph 193 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

**FIFTH CAUSE OF ACTION**
**(Violation of the Streit Act)**

194.    With respect to the allegations contained in paragraph 194 of the Complaint, repeats, realleges and incorporates herein its response to the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

195.    Denies the allegations contained in paragraph 195 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

196.    Denies the allegations contained in paragraph 196 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

197.    Denies the allegations contained in paragraph 197 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

198.    Denies the allegations contained in paragraph 198 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

199.    Denies the allegations contained in paragraph 199 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

200.     Denies the allegations contained in paragraph 200 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

201.     Denies the allegations contained in paragraph 201 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

## SIXTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith)

202.     With respect to the allegations contained in paragraph 202 of the Complaint, repeats, realleges and incorporates herein its response to the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

203.     Denies the allegations contained in paragraph 203 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

204.     Denies the allegations contained in paragraph 204 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

205.     Denies the allegations contained in paragraph 205 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

206.     Denies the allegations contained in paragraph 206 of the Complaint, except to the extent that they purport to state a legal conclusion, as to which no response is required.

## PRAYER FOR RELIEF

The Trustee denies that Plaintiffs are entitled to any relief whatsoever.

## JURY TRIAL DEMAND

The Trustee denies that Plaintiffs are entitled to a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any matter for which the burden rests upon Plaintiffs, or waiving defenses not raised below that it need not plead at this time, the Trustee asserts the following defenses with respect to the Complaint:

### FIRST DEFENSE

1.      The Complaint should be dismissed, in whole or in part, because it fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

2.      Plaintiffs lack standing to assert any claim against DBNTC in any capacity other than its capacity as Trustee.

### THIRD DEFENSE

3.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert the claims in the Complaint.

### FOURTH DEFENSE

4.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to sue because the negating clauses of the governing agreements bar enforcement by anyone other than the listed parties, and Plaintiffs are not "Certificateholders," "Noteholders" or "Note Owners" (as defined in the relevant agreements) of the Covered Trusts.

### FIFTH DEFENSE

5.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are expressly barred by the governing agreements for the Covered Trusts.

### SIXTH DEFENSE

6.      Plaintiffs' claims are barred, in whole or in part, because the Trustee never

assumed the purported duties or obligations alleged in the Complaint.

## SEVENTH DEFENSE

7.      Plaintiffs' claims are barred, in whole or in part, because the Trustee did not

breach any of the purported duties or obligations alleged in the Complaint, whether imposed by

the governing agreements, common law, or statute, if at all, and the Trustee's conduct did not,

directly or indirectly, constitute unlawful acts.

## EIGHTH DEFENSE

8.      Plaintiffs' claims are barred, in whole or in part, because the Trustee was not

obligated to make any investigation into the facts or matters stated in any resolution, certificate,

statement, instrument, opinion, report, notice, request, consent, order, approval, bond, public

filing, or other paper or document, unless certain contractual conditions are satisfied, and there is

no allegation that those conditions were satisfied.

## NINTH DEFENSE

9.      Plaintiffs' claims are barred, in whole or in part, because the Trustee is not liable

for any action taken or omitted by it in good faith and reasonably believed by it to be authorized

or within the discretion or rights or powers conferred upon it by the governing agreements, and

the Trustee acted in good faith at all times.

## TENTH DEFENSE

10.      Plaintiffs' claims are barred, in whole or in part, because the Trustee is not

deemed to have actual knowledge or notice of any matter unless actually known by a

"Responsible Officer" (as defined in the governing agreements) of the Trustee, or unless the

Trustee receives written notice as required in the governing agreements, and no "Responsible

Officer" of the Trustee had actual knowledge or received written notice of the alleged

wrongdoing of other entities.

## ELEVENTH DEFENSE

11.     Plaintiffs' claims are barred, in whole or in part, because no default or "Event of

Default" (as defined in the governing agreements) has occurred under the governing agreements

for the Covered Trusts.

## TWELFTH DEFENSE

12.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not

sustained any injury in fact or damages as a consequence of the Trustee's alleged actions or

inactions.  To the extent that Plaintiffs have suffered any injuries at all, such injuries were caused

by market forces, Plaintiffs' own investment decisions, and/or the actions or omissions of others.

## THIRTEENTH DEFENSE

13.     Plaintiffs' claims are barred, in whole or in part, because the Trustee received and

was entitled to rely upon, and be protected in acting or refraining from acting upon, any

resolution, Officer's Certificate, certificate of auditors, or any other certificate, statement,

instrument, opinion, report, notice, request, consent, order, approval, bond or other paper or

document believed by it to be genuine and to have been signed or presented by the proper party

or parties.

## FOURTEENTH DEFENSE

14.     Plaintiffs' claims are barred, in whole or in part, because parties other than the

Trustee, or no parties, were charged with enforcing the breaches at issue, and the Trustee may

not be held liable for actions or omissions of those other parties.

## FIFTEENTH DEFENSE

15.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## SIXTEENTH DEFENSE

16.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel.

## SEVENTEENTH DEFENSE

17.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands or in pari delicto.

## EIGHTEENTH DEFENSE

18.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any of the relief sought in the Complaint.

## NINETEENTH DEFENSE

19.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## TWENTIETH DEFENSE

20.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise any applicable rights they may have had under the governing agreements for the Covered Trusts.

## TWENTY-FIRST DEFENSE

21.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

## TWENTY-SECOND DEFENSE

22.     In the event Plaintiffs recover a verdict or judgment against the Trustee, or any other party to the governing agreements for the Covered Trusts, for any past or future claimed economic loss, said verdict or judgment must be reduced by any applicable collateral source or recovery, and any double recovery is prohibited.

## TWENTY-THIRD DEFENSE

23.     Plaintiffs' claims are barred, in whole or part, because Plaintiffs have knowingly and voluntarily released claims alleged in the Complaint.

## TWENTY-FOURTH DEFENSE

24.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver or ratification.

## TWENTY-FIFTH DEFENSE

25.     Plaintiffs' claims are barred, in whole or in part, because the Trustee relied upon the work, advice, professional judgment, and opinions of others upon which it was entitled to rely as a trustee.

## TWENTY-SIXTH DEFENSE

26.     Plaintiffs' claims are barred, in whole or in part, by the so-called "No-Action" clauses in the governing agreements for the Covered Trusts.

## TWENTY-SEVENTH DEFENSE

27.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity to sue.

## TWENTY-EIGHTH DEFENSE

28.     Plaintiffs' asserted damages, if any, were proximately caused by independent, superseding, or intervening acts of parties or entities other than the Trustee.

## TWENTY-NINTH DEFENSE

29.     Plaintiffs' claims are barred, in whole or in part, to the extent they are based upon the theory that the Trustee failed to take a required action that the Trustee did, in fact, undertake.

## THIRTIETH DEFENSE

30.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to sue because the claims they seek to assert were never assigned to them, or were assigned from Plaintiffs to others.

## THIRTY-FIRST DEFENSE

31.     Plaintiffs' claims are barred, in whole or in part, because to the extent that Plaintiffs seek equitable relief against the Trustee, they are not entitled to that relief because they have an adequate remedy at law.

## THIRTY-SECOND DEFENSE

32.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover for investment losses for the Covered Trusts where the relevant agreement(s) preclude(s) the recovery of consequential damages.

## THIRTY-THIRD DEFENSE

33.     Plaintiffs' claims are barred, in whole or in part, to the extent that any enforcement action by the Trustee taken against an allegedly breaching party would not have yielded any recovery for the Covered Trusts due to the insolvency of the allegedly breaching party or for any other reason.

## THIRTY-FOURTH DEFENSE

34.     Plaintiffs' claims are barred in whole, or in part, to the extent that they overlap with other actions commenced on their behalf or in which they are or might be members of a class, including, but not limited to, pursuant to the doctrines of collateral estoppel/issue preclusion and/or res judicata/claim preclusion.

## THIRTY-FIFTH DEFENSE

35.     Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

## THIRTY-SIXTH DEFENSE

36.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of champerty.

## THIRTY-SEVENTH DEFENSE

37.     Plaintiffs' claims are barred, in whole or in part, due to the failure of an express condition precedent.

## THIRTY-EIGHTH DEFENSE

38.     Plaintiffs' claims are barred, in whole or in part, by judicial estoppel.

## THIRTY-NINTH DEFENSE

39.     The Trustee presently has insufficient knowledge and information upon which to form a belief as to whether it may have additional, and as yet unstated, separate and additional defenses available.  As such, the Trustee hereby reserves the right to assert additional defenses in the event discovery reveals facts that render such defenses appropriate.

WHEREFORE, the Trustee prays for judgment as follows:  That Plaintiffs take nothing by way of their Complaint as against the Trustee and that judgment be entered entirely in favor of the Trustee, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
        May 13, 2016                          MORGAN, LEWIS & BOCKIUS LLP

                                              By: */s/ Kevin J. Biron*    

                                              Michael S. Kraut
                                              Steven G. Brody
                                              Kevin J. Biron
                                              101 Park Avenue
                                              New York, NY 10178-0600
                                              Tel: 212.309.6000
                                              Fax: 212.309.6001

                                              *Attorneys for Defendant Deutsche Bank*
                                              *National Trust Company, as Trustee*