# Morgan Lewis

**Kevin J. Biron**
+1.212.309.6180
kevin.biron@morganlewis.com

August 3, 2020

**VIA ECF**

Honorable John G. Koeltl
United States District Court Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, NY 10007

Re:   *Phoenix Light SF DAC, et al. v. Deutsche Bank Nat'l Trust Co., et al.*, No. 14-cv-10103 (JGK)(DCF) (S.D.N.Y.) ("*PL/DB*"); *Commerzbank AG v. Deutsche Bank Nat'l Trust Co., et al.*, Case No. 15-cv-10031 (JGK)(DCF) (S.D.N.Y.) ("*CB/DB*")

Dear Judge Koeltl:

In response to Defendants' one-paragraph notice of supplemental authority (ECF No. 373) regarding the Tenth Circuit's *Am. Fid./BNYM* decision, Plaintiffs submitted three pages of baseless rhetoric. *See* ECF No. 374.[1]  We respond below.

<u>First</u>, Plaintiffs assert that "[t]he sole issue for which [Defendant] cites *American Fidelity* is that court's interpretation of certain PSA language to mean that 'Defendant is not deemed to have knowledge of an EOD until it receives notice thereof'" and that Defendant purportedly "never previously raised" that issue.  ECF No. 374 at 1.  Plaintiffs are wrong on both counts.

In Defendant's notice of supplemental authority, it actually referenced two of the Tenth Circuit's holdings in *Am. Fid./BNYM*: the holding that under the PSAs at issue there, the trustee's post-EOD duty is not triggered unless the trustee receives written notice of an EOD, and the holding that "written notice of an event which could ripen into an EOD is not sufficient" to trigger the trustee's post-EOD duty.  ECF No. 373.  Both those holdings are directly relevant to Defendants' summary judgment arguments that: (i) for the 85 Trusts at issue in these two cases, "the GAs provide that Defendant's post-EOD duties arise, depending on the Trust, only if a 'Responsible Officer' of Defendant has 'actual knowledge' that the EOD occurred and/or if Defendant receives 'written notice' thereof";[2] and (ii) Plaintiffs' claim that Defendant's post-EOD duties were triggered in certain Trusts by purported servicer or issuer breaches "fail[s] because Plaintiffs lack admissible, loan- or Trust-specific evidence that Defendant had 'written

---

[1] Unless otherwise indicated, all citations to "ECF No. [ ]" are to the *PL/DB* docket.  Capitalized terms used but not defined herein have the meanings set forth in Defendant's July 20, 2020 letter (ECF No. 373) or Defendant's summary judgment reply (ECF No. 321), as applicable.

[2] Defendant identified, with pin cites to the relevant PSA sections, three Trusts for which the GAs provide that post-EOD duties are triggered only upon receipt of written notice of an EOD.  *PL/DB* ECF No. 353-41; (Biron PL-Ex. 45); *CB/DB* ECF No. 238-40 (Biron CB-Ex. 45).

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060      ☎ +1.212.309.6000
United States                              ✆ +1.212.309.6001

notice' or 'actual knowledge' of any such purported EOD, as necessary to trigger Defendant's post-EOD duties." ECF No. 273 at 38-39.[3]

Second, Plaintiffs incorrectly claim that Defendant "admits [*Am. Fid./BNYM*] is irrelevant to 82 [of the 85] Trusts." *See* ECF No. 374 at 3. Defendant "admitted" no such thing. The Tenth Circuit held that notice of alleged servicing breaches that "would ripen into Events of Default" if they "remained uncured after 60 days" was not notice of an EOD and did not trigger the trustee's post-EOD prudent person duties. *Am. Fid./BNYM* at *2-3. That holding is equally applicable to all the Trusts regardless of whether the GAs provide that Defendant's post-EOD duty is triggered by "written notice" or "actual knowledge" of an EOD. Put differently, even if Plaintiffs could show that Defendant had actual knowledge of a servicing breach that *could* ripen into an EOD *if* it remained uncured (Plaintiffs cannot), that would still be insufficient to trigger Defendant's post-EOD prudent person duty. Defendant made this point in its summary judgment briefing and established that Plaintiffs lacked admissible, loan- or Trust-specific evidence that Defendant had *either actual knowledge or written notice* of any EOD arising from purported servicer or issuer breaches. ECF No. 273 at 38-39; ECF No. 321 at 38-46. In its summary judgment briefing, Defendant also addressed and disposed of the same baseless counterarguments that Plaintiffs repeat in their response regarding *Am. Fid./BNYM*. *Id.* Similarly, in a prior submission (ECF No. 369), Defendant rebutted Plaintiffs' arguments about the *Commerzbank v. U.S. Bank* decision, which they also decided to repeat in their response.

Third, Plaintiffs assert that (i) *Am. Fid./BNYM* "did not address the prevention doctrine" and (ii) "[c]ourts in this District (most recently Judge Pauley) have applied that doctrine to bar trustees from relying on a lack of EOD notices . . . ." ECF No. 374 at 2. As to point (i), the parties in *Am. Fid/BNYM* devoted pages of appellate briefing to the issue of whether the prevention doctrine excused the requirement that the trustee receive written notice of an EOD.[4] Thus, the Tenth Circuit's holding was, at the very least, an implicit rejection of that doctrine's application under the circumstances presented. As to point (ii), Plaintiffs are mistaken. Neither Judge Pauley nor, to the best of Defendant's knowledge, any other Judge in this District has held that the prevention doctrine excuses a condition that an RMBS trustee receive (as opposed to send) notice. *See, e.g., Phoenix Light SF Ltd. v. Bank of New York Mellon*, No. 14-cv-10104, 2017 WL 3973951, at *17 (S.D.N.Y. Sept. 7, 2017) (holding that the prevention doctrine is inapplicable to the condition that an RMBS trustee "'received written notice' of the Event of Default" before its post-EOD prudent person duty is triggered).

Finally, equally unavailing are Plaintiffs' arguments regarding the language in the 3 GAs that is analogous to the language at issue in *Am. Fid./BNYM*. Plaintiffs claim that a provision in Section 7.01 of the MLMI 2007-MLN1 PSA makes Defendant's argument as to that Trust

---

[3] *See also* Def. Opp. to Pl. S.J. Mot. (ECF No. 287) at 10-31 (section titled "Contrary to Plaintiffs' Assertion, Defendant's Post-EOD Prudent Person Duty Was Not Triggered in 73 of the 85 Trusts"); D. S.J. Reply (ECF No. 321) (section titled "Plaintiffs Lack Evidence That Defendant's Post-EOD Duties Were Triggered by Servicer or Issuer Breaches").

[4] *See* Op. Br. of Pl./Appellant Am. Fid. Assurance Co. at 20-24, *Am. Fid./BNYM* ("*Am.Fid./BNYM* Aplt. Br."); Appellee The Bank of New York Mellon's Resp. Br. at 27-29, *Am. Fid./BNYM*; Reply Br. of Pl./Appellant Am. Fid. Assurance Co. at 12-14, *Am. Fid./BNYM*.

2

"frivolous." ECF No. 374 at 3. But the sentence from which Plaintiffs quote begins with the phrase "[f]or purposes of this Section 7.01," and conflicts with the language in Section 8.02(a), which provides: "[e]xcept as otherwise provided in Section 8.01: … (viii) the Trustee shall not be deemed to have knowledge of an Event of Default until a Responsible Officer of the Trustee shall have received written notice thereof." PL/DB ECF 279-21 at 146-47. That language in Section 8.02(a) is identical to the language addressed in *Am. Fid./BNYM*. *See* Am.Fid./BNYM Aplt. Br. at 19; *Am. Fid./BNYM* at *2. Plaintiffs' argument that the Tenth Circuit's interpretation was "analytically flawed" is misplaced because the general language Plaintiffs cite in Section 8.01 does not negate the specific limitation in Section 8.02. And, even if Plaintiffs were correct, Defendant would still be entitled to summary judgment because, as it established in its briefing, Plaintiffs lack evidence sufficient to raise a triable issue of fact as to whether Defendant had *either written notice or actual knowledge* of any EOD arising from purported servicer or issuer breaches. ECF No. 273 at 38-39; ECF No. 287 at 10-31; ECF No. 321 at 38-46.

                                      Respectfully,

                                      */s/ Kevin J. Biron*

                                      Kevin J. Biron

cc:  All counsel of-record (via ECF)