# WOLLMUTH MAHER & DEUTSCH LLP
500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

October 12, 2021

*By ECF*
The Honorable John G. Koeltl
United States District Court Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, New York 10007

Re: *Phoenix Light SF DAC, et al. v. Deutsche Bank Nat'l Trust Co., et al.,* 14-cv-10103-JGK-DF
    and *Commerzbank AG v. Deutsche Bank Nat'l Trust Co.,* et al., 15-cv-10031-JGK-DF

Dear Judge Koeltl:

      We represent Plaintiffs and write as directed by the Court (*Phoenix Light* ECF. No. 413, *Commerzbank* ECF No. 283) to address the Second Circuit's Summary Order in *Phoenix Light SF DAC v. U.S. Bank, Nat'l Ass'n*, No. 20-1312-cv, slip op. (2d Cir. Oct. 4, 2021) ("*PL v. USB*"). *PL v. USB* is a non-precedential, Summary Order that addresses an issue Defendants did not raise in their summary judgment motions: whether assignments of claims from an indenture trustee to an issuer violate New York's champerty statute. The Court has already recognized that Defendants "are not raising an issue of champerty" in the pending motions, and advised that any such issue would have to be "briefed on a supplemental motion." *See* MSJ Hearing Tr. (Aug. 3, 2021) at 51:2-3, 9-13. Defendants acknowledged they would need "leave from your Honor to move for judgment on that basis." *Id.* at 28:16-17. As for *Commerzbank*, *PL v. USB* is irrelevant.[1] If Defendants seek leave to make a belated summary judgment motion on champerty in *Phoenix Light*, then that request should be denied. In any event, the complete factual and legal picture, as summarized below, shows that Defendants are not entitled to judgment based on champerty.

      Defendants never sought to invalidate the assignments until the summary judgment hearing, presumably because Defendant Deutsche Bank Trust Company Americas ("DBTCA"), as indenture trustee for Plaintiffs Phoenix Light, Kleros V, and Silver Elms I, is a party to the very assignments it would have to seek to invalidate. The Court and the parties have devoted years and substantial resources litigating a case in which Defendants could have, but did not, press champerty. Defendants omitted that issue from their lengthy summary judgment motions, which raised myriad other defenses. *See* MSJ Hearing Tr. at 27:24-25 (Defendants' admission that champerty is "an issue that is not in our summary judgment briefing"). Defendants made a strategic decision to address its champerty defense only at trial, if at all, and should not be permitted to reverse course at this very late date.

---

[1] References to Plaintiffs in the remainder of this letter refer to Plaintiffs in the *Phoenix Light* action.

A second summary judgment motion on champerty, even if permitted, would fail. The evidence will demonstrate that Plaintiffs had a valid pre-existing interest in the securities and claims at issue and also a pre-existing relationship with the assignor, which renders New York's champerty statute inapplicable. *See Tr. for Certificateholders of Merrill Lynch Mortg. Invs. v. Love Funding Corp.*, 13 N.Y.3d 190, 199 (2009) (an investment vehicle "that takes an assignment of a claim does not violate Judiciary Law § 489(1) if its purpose is to collect damages, by means of a lawsuit, for losses on a debt instrument *in which it holds a preexisting proprietary interest*") (emphasis added). *Love Funding* makes clear that the champerty statute applies only to *strangers* to an underlying transaction *without* a "preexisting proprietary interest" in the underlying transaction and who later acquire the interest for the *sole* purpose of bringing a lawsuit.

Plaintiffs are issuers in connection with collateralized debt obligation ("CDO") or re-securitization transactions. A CDO issuer "purchases, or assumes the risk of, a portfolio of assets . . . [intended to] generate cash, which is then paid out to the [CDO issuer's] investors." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015). Plaintiffs issued notes to investors which are paid with proceeds from a pool of securities, including the at-issue RMBS, acquired by Plaintiffs. Plaintiffs secured their obligation to pay the notes through a grant of the at-issue RMBS, as well as other collateral securities, to an indenture trustee. Plaintiffs retained the reversionary interest in their collateral securities, *i.e.*, when the CDO notes are paid off, Plaintiffs become the sole holders of the collateral and the indenture trustee must release its lien. Plaintiffs also have numerous performance obligations, including ensuring that rights relating to their collateral securities are enforced, and protecting the collateral. In 2014, it became apparent that Plaintiffs' indenture trustees, such as DBTCA, would not pursue claims against RMBS trustees as doing so would entail either suing themselves or taking positions that could be used against them in RMBS trustee cases where they were defendants. As a result, Plaintiffs sued the RMBS trustees directly, and Plaintiffs' indenture trustees assigned any right they had to bring the instant claims to address any real-party-in-interest objection DBTCA might raise.

The Second Circuit expressly declined to consider most of these facts because it ruled they were not raised in the District Court. *PL v. USB* at 3. As a result, even if this Court considers the non-precedential Summary Order persuasive, it is distinguishable because any new motion here would turn on an extensive and disputed factual record not taken into account by the Second Circuit. The Summary Order, however, is not persuasive, as it is inconsistent with the Second Circuit's precedential rulings. The lynchpin of the Second Circuit's Summary Order, namely that plaintiffs could not demonstrate a valid pre-existing interest because they assigned away all of their interests, is inconsistent with a recent *published*, *precedential* decision in which the Second Circuit held that a party that assigns away its claims does not assign away its injury. *See Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 381-82 (2d Cir. 2021). This new decision, which was not considered by the *PL v. USB* Summary Order, overruled a summary order that, similar to *PL v. USB*, held a party lost all of its justiciable interests by assigning claims. *Id.* at 381 n.5.

Additionally, *PL v. USB* does not have collateral estoppel effect for several reasons. For example, when a prior judgment was based on a defense not available in the new action, it will not have preclusive effect as the issues are not identical. *See, e.g.*, *Raab v. Kaleida Health*, 60 A.D.3d 1380, 1381 (4th Dep't 2009) (no preclusion because defenses in prior action were personal). Here,

2

the doctrine of *in pari delicto* bars Defendants from asserting champerty because DBTCA is a party to the agreements applicable to three Plaintiffs that were found to violate champerty in *PL v. USB*. The New York Court of Appeals has long held that *in pari delicto* prohibits a defendant who was a party to the purportedly champertous assignment from asserting a champerty defense to avoid that agreement. *See Irwin v. Curie*, 171 N.Y. 409, 412 (1902). Collateral estoppel also is inapplicable because *PL v. USB* turned on a pure legal issue.[2] Additionally, nonmutual collateral estoppel should not be applied when it is unfair under the circumstances, *see Bifolck v. Philip Morris USA Inc.*, 936 F.3d 74, 84-85 (2d Cir. 2019), and unfairness abounds here, ranging from DBTCA's participation in the challenged agreements to Defendants' failure to pursue champerty for years. Collateral estoppel also cannot apply to the Plaintiffs who were not parties to *PL v. USB*[3] or to dismissals based on alternative grounds. *See Tydings v. Greenfield, Stein & Senior, LLP*, 11 N.Y.3d 195, 199 (2008).

Collateral estoppel is also inapplicable if there has been a "material occurrence" after the original judgment that "remedies the original deficiency." *Scahill v. District of Columbia*, 909 F.3d 1177, 1182 (D.C. Cir. 2018); *see also Fund Liquidation*, 991 F.3d at 391 (citing *Scahill,* 909 F.3d 1177, with approval). After the District Court entered judgment and the appeal was briefed, the Second Circuit rejected prior Circuit precedent to the extent it suggests that a ratification cannot cure a standing defect. *See Fund Liquidation*, 991 F.3d at 386 (rejecting *dicta* in *Cortlandt Street Recovery Corp. v. Hellas Telecommunications S.à.r.l.*, 790 F.3d 411 (2d Cir. 2015), and its progeny). As a result, it is now clear that Plaintiffs can rely on a ratification even assuming *arguendo* they could not rely on an assignment that is functionally equivalent to a ratification. Defendants have not yet raised a real-party-in-interest objection, and Plaintiffs are entitled to obtain a ratification within "a reasonable time" after Defendants make such an objection under Federal Rule of Civil Procedure 17(a)(3).

\*   \*   \*

In sum: *PL v. USB* has no bearing on the pending summary judgment motions. Defendants made the strategic decision not to pursue their affirmative defense of champerty, so any such issue should await determination by the jury. Defendants should not be permitted belatedly to file another motion for summary judgment to challenge assignment agreements that DBTCA itself executed. If the Court permits another motion, the record will demonstrate that neither champerty nor collateral estoppel applies. Finally, *PL v. USB* has no conceivable impact upon *Commerzbank*.

Respectfully submitted,

*/s/ Steven S. Fitzgerald*
*Counsel for Plaintiffs*

cc: Counsel of Record

---

[2] *PL v. USB* makes clear that the issue of whether a CDO issuer can accept an assignment from its indenture trustee is purely legal. The order did not analyze any documentary evidence or testimony. It simply concluded that if the purpose of an assignment was litigation, it was prohibited under New York Court of Appeals authority. *See PL v. USB* at 3 (citing *Justinian Cap. SPC v. WestLB AG*, 28 N.Y.3d 160, 163 (2016)).

[3] Specifically, Blue Heron Funding V and Blue Heron Funding IX. *See Cook v. City of Utica*, 88 N.Y.2d 833, 835 (1996) (collateral estoppel cannot be invoked against a party that was not a party); *Collins v. E.I. DuPont de Nemours & Co.*, 34 F.3d 172, 177-78 (3d Cir. 1994) (plaintiff not precluded by prior action involving co-plaintiff and counsel).